UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| EVON DRINKWATER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-213-TS |
| | ) | |
| THOMAS B. DRINKWATER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The Plaintiff, Evon Drinkwater, sued her deceased spouse's brother, Thomas B. Drinkwater, alleging that he received the proceeds of a life insurance policy through actual and constructive fraud. This matter is before the Court on the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [DE 20], filed on November 9, 2006.

**STANDARD OF REVIEW**

Personal jurisdiction is the court's power to bring a person into its adjudicative process and render a valid judgment over that person. *Saler v. Irick*, 800 N.E.2d 960 (Ind. Ct. App. 2003). Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move for dismissal on the basis that the court lacks jurisdiction over it.

A complaint need not allege facts establishing personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). However, if a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing jurisdiction. *Id.* The plaintiff may not rest upon allegations in his pleadings but must set forth specific facts showing that the court has jurisdiction *Int'l Steel Co. v. Charter Builders, Inc.*, 585

F. Supp. 816, 819 (S.D. Ind. 1984). Where the parties have not requested an evidentiary hearing, but have filed written submissions and affidavits, as they have here, the plaintiff is only required to make out a prima facie case of personal jurisdiction. *Id.*; *Nelson by Carson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983). The court accepts all factual conflicts in favor of the plaintiff. *Purdue Research Found.*, 338 F.3d at 782; *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).

## BACKGROUND

On May 25, 2006, the Plaintiff sued the Defendant for fraud, asserting that the Court had jurisdiction pursuant to 28 U.S.C. § 1332. On July 12, 2006, the Plaintiff filed an Amended Complaint correcting the name of the Defendant. The Plaintiff alleges that the Defendant obtained the proceeds from a life insurance policy on her deceased husband, who was also the Defendant's brother, through fraudulent means. According to the Complaint, the Plaintiff's husband, Robert W. Drinkwater, died on November 14, 2005. On November 29, 2005, the Allen County Superior Court appointed the Plaintiff as the personal representative of Robert's estate.

Before Robert died, on March 29, 2005, the Plaintiff petitioned the Allen County Circuit Court to dissolve her marriage with him in Cause No. 02C01-0503-DR-286. The Plaintiff alleges that no decree of dissolution was entered and that she remained married to Robert at the time of his death. On September 26, 2005, the Allen County Circuit Court entered a provisional order in the divorce proceedings requiring Robert to change all beneficiary designations for his life insurance policies in which he had replaced the Plaintiff as the beneficiary. Robert was the owner of a life insurance policy for $110,000, for which he had, on June 14, 2005, executed a

2

form changing the designated beneficiary from the Plaintiff to the Defendant.

Pursuant to the court's order, on November 8, 2005, Robert filed a Notice of Compliance in Cause No. 02C01-0503-DR-286. It represented that a copy of his Life Insurance Trust dated November 7, 2005, was attached. The Plaintiff alleges that the Notice misrepresented to the court that the Trust was the beneficiary when, in fact, the Defendant was still the designated beneficiary of Robert's life insurance policy.

On November 28, 2005, after Robert died, the Defendant filed a Notice of Claim with the insurance company seeking distribution of the proceeds to him individually, consistent with the June 14, 2005, beneficiary designation form. On December 2, 2005, the insurance company distributed the proceeds of the policy to the Defendant.

On August 3, the Defendant answered the Amended Complaint and asserted affirmative defenses. On November 9, 2006, the Defendant moved for dismissal pursuant to Rule 12(b)(2) because the Court lacked jurisdiction over him. The Defendant submitted an affidavit in support of his Motion. The Defendant argues that he is not the trustee of Robert's Trust, is not a fiduciary with respect to the Plaintiff, and that he did not apply for or receive the proceeds of the life insurance policy in Indiana.

On November 22, 2006, the Plaintiff responded to the Defendant's Motion. The Plaintiff argued that the Court has specific jurisdiction over the Defendant because of his involvement in the misrepresentation to the Allen Circuit Court that Robert had changed all beneficiary designations to his Trust. The Plaintiff contends that the Defendant has not made a specific denial of paragraph 15 of the Amended Complaint that he participated in the misrepresentations and that the failure to deny his involvement is sufficient to establish a prima facie case of

3

jurisdiction. The Plaintiff also points to correspondence between Robert's divorce attorney and Robert and his father that suggests the Defendant had contact with the State of Indiana through his brother's divorce proceedings. The Plaintiff asserts that the exercise of jurisdiction over the Defendant would be compatible with due process notions of fair play and substantial justice.

The Defendant did not file a reply.

## DISCUSSION

**A.     Personal Jurisdiction Over Nonresidents**

The Defendant is a resident of Michigan. In diversity cases, a federal district court has personal jurisdiction over a nonresident "only if a court in which it sits would have such jurisdiction." *Steel Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998); *Wilson v. Humphreys Ltd.*, 916 F.2d 1239, 1243 (7th Cir. 1990).  In *Anthem Ins. Cos. v. Tenet Healthcare Corp.*, the Indiana Supreme Court held that determining personal jurisdiction under Indiana law required a two-step approach: "First, the court must determine if the defendant's contacts with the forum state fall under the long-arm statute, [Indiana Trial Rule 4.4(A)].[1] Second, if they do, the court must then determine whether the defendant's contacts satisfy federal due process analysis." 730 N.E.2d 1227, 1232 (Ind. 2000). However, Indiana's long arm statute was amended effective January 1, 2003, to include the following language: "In addition [to these factors], a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States." Ind. Tr. R. 4.4(A). With the addition of this

---

[1] Ind. Tr. R. 4.4(A) has been adopted and incorporated into the Indiana Code.  Ind. Code § 34-8-2-2. Although technically a trial rule, it performs the same function as a long-arm statute.

4

language, the inquiry regarding the eight categories of actions is collapsed into a federal due process analysis. Thus, an Indiana state court would have personal jurisdiction over a defendant if the exercise of jurisdiction comports with federal due process. *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006) (confirming that amendment to Rule 4.4(A) "was intended to, and does, reduce analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process Clause" and that enumerated acts found in the Rule serve as a "handy checklist of activities that usually support personal jurisdiction but does not serve as a limitation").

Due process requires that a non-resident defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Miliken v. Meyer*, 311 U.S. 457, 463 (1940)). Due process also requires that these contacts be "purposeful." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). How this standard is applied depends on whether the forum state asserts "specific" or "general" jurisdiction. Specific jurisdiction exists when the suit arises out of, or is related to, the defendant's minimum contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). However, where the defendant's contacts with the forum state are "continuous and systematic general business contacts," and the basis of the suit does not arise out and is unrelated to these contacts, general jurisdiction exists. *Id.* at 416. For general jurisdiction, contacts must be so extensive as to amount to a constructive presence in the state. *Purdue Research*, 338 F.3d at 787 & n. 16.

The Plaintiff contends that the Defendant is subject to specific jurisdiction in Indiana.

5

B. **Specific Jurisdiction**

An analysis of specific jurisdiction begins with the minimum contacts test annunciated by the Supreme Court in *International Shoe*. *See Purdue Research Found.*, 338 F.3d at 780. In order for certain contacts to be sufficient in maintaining jurisdiction by a forum state, the maintenance of the suit must not offend "traditional notions of fair play and substantial justice." *Int.'l Shoe*, 326 U.S. at 316. "[T]he defendant's conduct and connection with the forum state [must be] such that he should reasonably anticipate being haled into court there to answer for his conduct." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The acts must be purposeful, not a "random or fortuitous or attenuated contacts, or the unilateral activity of another party or a third person." *Burger King Corp.*, 471 U.S. at 475 (internal quotations and citations omitted). A single contact with a forum state may be enough to establish specific personal jurisdiction as long as the contact creates a "substantial connection" with the state and is the basis of the suit. *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220 (1957); *Snyder v. Smith*, 736 F.2d 409, 416 (7th Cir. 1984). To determine whether specific jurisdiction exists, the court must assess the relationship among the defendant, the forum, and the litigation. *NUCOR v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 580 (7th Cir. 1994).

C. **Application**

This suit involves claims that the Defendant received the proceeds of a life insurance contract through fraud. The Plaintiff alleges that an Indiana court was advised during a dissolution of marriage action that the Defendant was not the beneficiary of the life insurance policy, when in fact, he was still the beneficiary. The act that the Plaintiff identifies as

misleading the Indiana court was the filing of a Notice of Compliance naming the Trust as the beneficiary. This Notice was filed by Robert's attorney.

The Defendant has opposed the exercise of jurisdiction over him. In his affidavit, he states that he is a resident of Michigan, is not the trustee of the Trust, and has no fiduciary responsibilities toward Plaintiff. He submits that did not make his application for, receive, or disburse the proceeds of the life insurance policy in the State of Indiana. In his affidavit, the Defendant also denies taking any of the actions itemized in Indiana Trial Rule 4.4.

The Defendant, by its motion, has placed the burden on the Plaintiff to demonstrate a basis for this Court's exercise of personal jurisdiction. The Plaintiff does not dispute the Defendant's statements regarding his lack of contacts with Indiana, stressing instead that it was not the act of applying for and receiving the insurance monies that is the subject matter of the suit, but the fraud and misrepresentation in the form of the Notice of Compliance. To that end, the Plaintiff states that the Defendant has not denied the allegation, contained in paragraph 15 of the Complaint, that he was involved in the fraud. However, this is not true; the Defendant did in fact deny the allegations. The Amended Answer to Plaintiff's First Amended Complaint for Damages and Equitable Relief provides the denial:

> 15. The Defendant acquired the proceeds from the Policy as a result of actual fraud, constructive fraud, and other wrongful means. It would be unjust and inequitable to permit the Defendant to retain such proceeds contrary to the representations made to the Plaintiff and the Court in the Notice of Compliance dated November 8, 2005.
> ANSWER: In answer to paragraph number 15, Defendant denies the allegations contained therein for the reasons that same are untrue and contrary to law and fact.

DE 16 at 5.

The allegation in the Complaint is insufficient to establish a prima facie case for personal

jurisdiction. The Plaintiff attempts to establish the Defendant's connection to Indiana through other designated evidence. She submits portions of the file of Attorney Brian T'Kindt, who represented Robert in the Drinkwater divorce proceedings in the Allen Circuit Court: a handwritten note from Robert's father to T'Kindt which references a future "conference call with sons Robert and Tom regarding Robert's divorce proceedings and associated issues," and a letter from T'Kindt to Robert and his father regarding the Notice of Compliance which was copied to the Defendant. Not only is there no affidavit in the record attempting to authenticate these letters, they do not establish that the Defendant had contacts with Indiana that are connected to the fraud claim. *See  Breneman v. Slusher*, 768 N.E.2d 451, 459–60 (Ind. Ct. App. 2002) ("We stress here that the contacts that are examined must be the purposeful acts of the defendant, not the acts of the plaintiff or any third parties.").  The actions of Robert's Indiana attorney and Robert's father's contact with that attorney cannot be attributed to the Defendant as purposeful acts such that he should reasonably anticipate being haled into court in Indiana to answer for his conduct.

Moreover, the contacts are not relevant to the substantive claim. To sustain an action for actual fraud, a party must prove that the defendant made a false representation of a past or existing fact and that the complaining party relied on the representation. *Rice v. Strunk*, 670 N.E.2d 1280, 1289 (Ind. 1996). In constructive fraud, the law infers fraud from the relationship of the parties and the circumstances that surround them and it is not necessary to show an actual intent to defraud. *Farrington v. Allsop*, 670 N.E.2d 106, 109 (Ind. Ct. App. 1996). Thus, the Defendant's representations are the subject matter of the suit. The letters do not suggest that the Defendant filed the Notice of Compliance that is the alleged misrepresentation. Neither is he

8

implicated in the trust document that is attached to the Notice.[2] The Plaintiff has not pointed to any representations that the Defendant made to her in Indiana.[3]

The Plaintiff has not established that the Defendant has the minimum threshold contacts with Indiana that are related to the controversy surrounding his receipt of Robert's life insurance policy proceeds. Therefore, he is not subject to this Court's jurisdiction.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss [DE 20] is GRANTED. The Complaint is dismissed without prejudice.

SO ORDERED on January 26, 2007.

       s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[2] The Defendant's father, Thomas R. Drinkwater, is named as the trustee of the life insurance trust. His signature appears on the document.

[3] Given the nature of the claim, the Court's analysis of personal jurisdiction overlaps with a discussion of the merits. Without any purposeful contacts with Indiana by way of representations, the Plaintiff cannot establish the elements of a claim for fraud. However, the Court's ruling on the issue of personal jurisdiction is not intended to be a ruling on the merits of the Complaint or whether it states a claim for relief.